Gershengorn, J.
This is an action for declaratory relief filed pursuant to G.L.c. 231A. Plaintiff Roger K. Wulleman, (“Wulleman”), a police officer, was injured in an auto accident while on duty. Defendant, the Town of North Reading (‘Town”), Wulleman’s employer, paid him lost wages and medical expenses under the Town’s insurance policy. Wulleman also received money through an arbitration agreement from the third-party tortfeasor’s insurer. The Town has placed a lien on the money Wulleman received through the arbitration agreement pursuant to G.L.c. 41, §§100 and 11 IF. Wulleman now moves for summary judgment, contending, that as a matter of law, the Town’s lien is unlawfully excessive. For the following reasons, Wulleman’s summary judgment is ALLOWED.
BACKGROUND
The undisputed facts are as follows. Wulleman is a North Reading police officer. On July 23, 1995, Wulleman was injured in an automobile accident with Jane Murphy, a third-party tortfeasor, while driving his patrol car. He suffered neck and back injuries and was absent from work.
The Town paid Wulleman lost wages and medical expenses while he was on injured status. The lost wages and medical expenses were paid pursuant to two insurance policies the Town purchased from I.T.T. Hartford and the Massachusetts Interlocal Insurance *16 Association (M.I.I.A.). Wulleman received $9,010.43 in lost wages and $13,096.00 in medical expenses, totaling $22,106.43. Of the $9,010.43 in lost wages, $2,000.00 was paid out of a Personal Injury Protection policy issued to the Town’s police vehicles by the M.I.I.A; $2,872.00 was paid out of the I.T.T. Hartford insurance policy; and the remainder, $4,138.43 was paid by the Town itself. The medical expenses were paid entirely by the I.T.T. Hartford insurance policy. The I.T.T. Hartford insurance policy maintained by the Town includes no subrogation rights. The M.I.I.A. policy includes a right of subrogation for M.I.I.A. against third-party tortfeasors.
Additionally, Wulleman received $32,000.00 for damages incurred as part of a binding arbitration agreement between Wulleman and the third-party tortfeasor’s insurer, Arbella Mutual Insurance. The Town then filed a lien in the amount of $22,106.43. Wulleman filed a complaint for declaratory relief and moved for summary judgment alleging that as a matter of law, the Town’s lien was unlawfully excessive. The Town filed a cross-motion for summary judgment.
DISCUSSION
The Town filed its lien pursuant to G.L.c. 41, §§100 and 11 IF (“the lien statute”). The lien statute entitles a town to assert a lien to or on any money recovered from a third-party tortfeasor by an injured police officer or firefighter. G.L.c. 41, §§100 and 11 IF. This allows the town to recoup money it paid out “directly” from its own coffers to the injured police officer or firefighter. Id.
Wulleman argues that the Town’s lien is unlawfully excessive because the Town is asserting a lien on the money paid by its insurer rather than money the Town paid directly from its own funds. The Town argues it is entitled to be reimbursed for any money paid to Wulleman either directly by the Town and through its insurance policies. The Town contends that its lien of $22,106.43 is valid because that was the total paid to Wulleman by the Town and its insurance policy.
In support of this proposition, the Town depends primarily on Jones v. Wayland, 374 Mass. 249, 260-62 (1978). In Jones, the court permitted the town to recover the money it paid a police officer for medical expenses. Jones, 374 Mass. at 262. The town had established its own fund for that purpose. Id. The Supreme Judicial Court determined that the collateral source rule was inapplicable in a situation where “the party not responsible for the injury [i.e. the town] has established a fund to be drawn on in the event of liability to another person.” Id. The SJC concluded that the town should not be punished for having the foresight to establish such a fund. Id.
Here, the Town argues that because it is obligated to make payments to Wulleman while he is injured, it should have the right to be reimbursed by Wulleman. In essence, the Town argues that it should be allowed to recover money it paid under the town’s insurance policies.
There is no support in law for the Town’s position and Jones is inapposite to the present case. The lien statute allows a town to recoup money it directly pays to the injured police officer, not money paid by the Town’s insurer. G.L.c. 41, §§100 & 11 IF.
The Town purchased insurance to avoid paying an injured police officer or firefighter directly from town funds. When faced with a claim by an injured police officer or firefighter, the Town can rely on its insurance coverage and avoid depletion of its coffers. The Town may not manipulate insurance policies as a means to profit from an injured police officer’s or firefighter’s independent recovery against a tortfeasor.
Additionally, the Town purchased the insurance policies on its own volition. It pays the insurance premium for coverage of its entire town police force. To read the lien statute as permitting a town to recover from one injured police officer what it pays in insurance premiums for the entire police force would subvert the legislature’s purpose in passing the lien statute.
The Town also has no independent right to subrogation under the insurance policies. Only the M.I.I.A. policy contains a right of subrogation which belongs to the insurer, M.I.I.A. The I.T.T. Hartford insurance policy contains no right of subrogation for either the insurer or the Town. Therefore, the Town cannot assert a lien on Wulleman’s recovery against Murphy by way of subrogation.
After subtracting the total amount paid out by the Town’s two insurance policies for lost wages as well as medical expenses from the $22,106.43 lien that the Town asserts, the court concludes that only $4,138.43 in lost wages was actually paid by the Town directly from its funds. Wulleman recovered $32,000.00 from the third-party tortfeasor, Murphy. The Town asserts its right to recover $22,106.43 based on the $9,010.43 in lost wages and $13,096.00 in medical expenses that were paid pursuant to the Town’s insurance policy. Of the $9,010.43 paid to Wulleman in lost wages, $2,000.00 was paid out of a Personal Injury Protection M.I.I.A. policy and another $2,872.00 was paid out of the I.T.T. Hartford policy. Therefore, the Town may assert only a $4,138.43 lien against Wulleman’s arbitration award. Wulleman is entitled to retain the excess, $27,816.67 pursuant to G.L.c. 41, §§100 and 11 IF.
ORDER
For the foregoing reasons, the court ORDERS that plaintiffs motion for summary judgment be ALLOWED.